United States District Court
For the Northern District of California

*E-FILED: May 10, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. C12-01710 HRL |
| Plaintiff, | **ORDER REFERRING CASE TO JUDGE KOH FOR A RELATED CASE DETERMINATION** |
| v. | |
| CONSUELO LOMBERA, MARIA LOMBERA, DOES 1-10, inclusive, | **REPORT AND RECOMMENDATION RE MOTION FOR REMAND AND FOR SANCTIONS** |
| Defendants. | |

On April 5, 2012, Maria Lombera removed this unlawful detainer case from the Santa Clara County Superior Court. She also filed an Application for Leave to Proceed In Forma Pauperis (IFP Application).

This is Lombera's second attempt to remove this same unlawful detainer action here. She previously filed a notice of removal, asserting federal question jurisdiction under 28 U.S.C. § 1331. See C11-06390LHK, *Wells Fargo Bank, N.A. v. Lombera*, Dkt. No. 1. The court remanded the matter to the state court, finding that the complaint disclosed no federal statutory or constitutional question. Id., Dkt. No. 13.

This time around, Lombera claims that removal is proper based upon diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff Wells Fargo Bank, N.A. moves for remand and for an award of its fees and costs. The court has received no opposition from Lombera, and the time for submitting any such papers has passed. The matter is deemed suitable for determination

United States District Court / For the Northern District of California

1 without oral argument. Civ. L.R. 7-1(b). Plaintiff's motion for an order shortening time is
2 denied, and the noticed May 29, 2012 hearing is vacated. The instant action is hereby referred
3 to Judge Koh for a determination as to whether it is related to C11-06390LHK, *Wells Fargo*
4 *Bank, N.A. v. Lombera* within the meaning of Civil Local Rule 3-12. Additionally, for the
5 reasons stated below, the undersigned recommends that defendant's IFP Application be denied,
6 plaintiff's motion for remand be granted, and plaintiff's motion for fees and costs be denied.

7 Removal to federal court is proper where the federal court would have original subject
8 matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly
9 construed against removal and place the burden on the defendant to demonstrate that removal
10 was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009)
11 (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). A case must be remanded to the
12 state court if it appears at any time before final judgment that the court lacks subject matter
13 jurisdiction. 28 U.S.C. § 1447(c).[1]

14 As stated in the court's prior order of remand, there is no federal question jurisdiction
15 because the complaint contains no claim arising under federal law. See Vaden v. Discovery
16 Bank, 129 S. Ct. 1262, 1272 (2009) (A claim "arises under" federal law if, based on the "well-
17 pleaded complaint rule," the plaintiff alleges a federal claim for relief).

18 Nor does the court have diversity jurisdiction. The complaint indicates that the amount
19 demanded does not exceed $10,000. In any event, as a California defendant, Lombera cannot
20 remove the case on the basis of diversity. See 28 U.S.C. § 1441(b)(2) (stating that an action
21 may not be removed on the basis of diversity "if any of the parties in interest properly joined
22 and served as defendants is a citizen of the State in which such action is brought."); see also
23 Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence
24 of a local defendant at the time removal is sought bars removal.").

---

[1] Additionally, the court is obliged to examine any application for leave to proceed in forma pauperis and determine whether the action has merit. A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L.Ed.2d 547 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id. As explained by the Ninth Circuit, "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). Instead, the objective reasonableness of removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. Id. at 1066-67. Nevertheless, "[i]n determining whether to award attorneys' fees in cases involving improper removal by a pro se defendant, courts accord significant weight to the defendant's lack of representation." Wells Fargo Bank, N.A. v. Hunt, No. C10-04965JCS, 2011 WL 445801 at *5 (N.D. Cal., Feb. 3, 2011) (collecting cases); see also OneWest Bank, FSB v. Mohr, No. C10-00639SBA, 2010 WL 2721437 at *3 (N.D. Cal. July 7, 2010) (denying request for fees and costs, even where removal was untimely and objectively unreasonable, because defendants did not have the benefit of legal counsel); HSBC Bank USA v. Manuel, No. C10-01186SI, 2010 WL 3366410 at *2 (N.D. Cal., Aug. 25, 2010) (denying request for fees and costs, noting that a party's pro se status warrants some consideration when reviewing a § 1447(c) request).

Here, it is plain that there is no basis for removal because this action involves only a state law claim for relief and there is no diversity of citizenship. Moreover, as noted above, this is Lombera's second attempt to remove the same unlawful detainer action here. Nevertheless, she is proceeding pro se, and given the court's prior order of remand for lack of federal question jurisdiction, it is not clear whether defendant understood that there was also no basis for

3

diversity jurisdiction.[2] Accordingly, this court recommends that plaintiff's request for an award of fees and costs be denied.

Based on the foregoing, this matter is referred to Judge Koh for a related case determination. The undersigned further recommends that Lombera's application to proceed in forma pauperis be denied, that plaintiff's motion for remand be granted, and plaintiff's motion for an award of its fees and costs be denied. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

SO ORDERED.

Dated: May 10, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] Lombera, however, is now advised that there is no basis for either federal question jurisdiction or diversity jurisdiction. And, any further attempts to remove this same unlawful detainer case here may result in an award of fees and costs against defendants. See, e.g., U.S. Bank Nat'l Ass'n v. Mikels, No. C12-00047, 2012 WL 506565 (N.D. Cal., Feb. 15, 2012) (Hamilton, J.) (awarding fees and costs against a pro se defendant where the court had already remanded the case once, and then defendant removed the case a second time just before the state court was to hear summary judgment motions).

4

5:12-cv-01710-HRL Notice has been electronically mailed to:

Scott Michael Harris    scottharrislaw@sbcglobal.net

5:12-cv-01710-HRL Notice sent by U.S. Mail to:

Maria Lombera
5282 Pebbletree Way
San Jose, CA 95111